UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNIVERSITY COMMUNITY HOSPITAL, INC.,**

    **Plaintiff,**

v.                                                                              Case No: 8:15-cv-628-T-27EAJ

**PROFESSIONAL SERVICE INDUSTRIES, INC.,**

    **Defendant/Third Party Plaintiff,**

v.

**GEOTECHNICAL FOUNDATION SYSTEMS, INC.,**

    **Third Party Defendant.**
_____/

## ORDER

**BEFORE THE COURT** is Professional Service Industries' Fed. R. Civ. Pro. 21 Motion to Join as a Party Plaintiff the Adventist Health System Sunbelt Healthcare Corporation (Dkt. 52), which Plaintiff opposes (Dkt. 73). Upon consideration, the Motion is DENIED.

**I.    BACKGROUND**

Plaintiff Florida Hospital Tampa brings this lawsuit asserting breach of contract and professional negligence claims against Defendant Professional Services Industries, Inc. ("PSI") arising out of construction defects related to the remediation of an existing Women's Center and relocation of the emergency department at Florida Hospital Tampa. (Dkt. 2 ¶¶ 3, 6).

According to the allegations in the Amended Complaint, Florida Hospital Tampa entered into a Consulting Agreement with PSI for geotechnical services and an underground fuel tank


assessment. (*Id.* ¶ 8). PSI issued a geotechnical engineering services report, making recommendations regarding the foundation design and installation of the proposed emergency room addition at Florida Hospital Tampa ("the Project").[1] (*Id.* ¶ 9). One of PSI's recommendations was that auger cast piles were suitable for column foundation use. (*Id.* ¶ 10). Based on PSI's recommendations, the Project was designed by the Project architect and structural engineer, who utilized auger cast piles. (*Id.* ¶ 11).

During construction, problems arose with the installation of the auger cast piles. PSI observed ground surface collapse occurring and recommended a solution to prevent damage, which was performed. (*Id.* ¶¶ 12-13). The following month, during the auger cast pile installation, the foundation adjacent to the Women's Center experienced settlement, and the installation was stopped. (*Id.* ¶ 15). As a result, it became necessary to design and implement repairs to the Women's Center building and for additional stabilization to both the Women's Center building and the Emergency Department building. (*Id.*)

PSI filed a Third Party Complaint against Geotechnical Foundation Systems, Inc. ("GFS"), the subcontractor that conducted the auger cast pile installation, for negligence and common law indemnity. (Dkt. 24). GFS has moved for summary judgment on PSI's claims. After three modifications of the Case Management and Scheduling Order, which significantly extended deadlines, including pretrial and trial dates, PSI sought to add Adventist Health System Sunbelt Healthcare Corporation ("Adventist"), a Florida non-profit hospital corporation, as a plaintiff. Florida Hospital Tampa is a wholly-owned subsidiary of Adventist. (Dkt. 52-2).

---

[1] Florida Hospital Tampa is the owner of the hospital facility that is the subject of this lawsuit and the entity that entered into the Consulting Agreement with PSI. (Dkt. 2 ¶ 3; Dkt. 24 ¶ 11).

## II. STANDARD

PSI seeks to add Adventist as a Plaintiff pursuant to Rule 21, Fed. R. Civ. P. which provides: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

## III. DISCUSSION

PSI is essentially concerned with the fact that Florida Hospital Tampa now claims approximately $12.8 million in damages, $10 million of which represent lost revenue due to delayed completion of the Project, contending that this is some sort of scheme by Adventist to offset losses in various unrelated *qui tam* cases. PSI also contends that Adventist owned, controlled, operated, and undertook the construction of all facilities at Florida Hospital Tampa and is therefore the actual party in interest. For these reasons, PSI seeks to add Adventist as an involuntary plaintiff.

In general, "[a] parent corporation and its wholly-owned subsidiary are separate and distinct legal entities. . . . As a separate legal entity, a parent corporation is not liable for torts committed by its subsidiary *and cannot exercise the rights of its subsidiary.*" *Am. Int'l Grp., Inc. v. Cornerstone Businesses, Inc.*, 872 So. 2d 333, 336 (Fla. 2d DCA 2004) (emphasis added) (internal citations omitted). "A parent corporation will not be held liable for the actions of its subsidiary unless the subsidiary is deemed to be a mere instrumentality of the parent." *Federated Title Insurers, Inc. v. Ward*, 538 So. 2d 890, 891 (Fla. 4th DCA 1989). To establish Florida Hospital Tampa is the mere instrumentality of Adventist, PSI move prove: (1) control by the parent to such a degree that the subsidiary has become its mere instrumentality; (2) fraud or wrong by the parent through its subsidiary; and (3) unjust loss or injury to the claimant. *Unijax, Inc. v. Factory Ins. Ass'n*, 328 So. 2d 448, 454 (Fla. 1st DCA 1976). This rule is "rarely applied and only under special circumstances." *Id.*

3

PSI has not demonstrated any of these elements. Adventist and Florida Hospital Tampa are separate legal entities, Adventist is not a party to the Consulting Agreement, and any damages claimed by Florida Hospital Tampa must be its own. PSI does not dispute that Florida Hospital Tampa is the owner of the hospital facility at issue or that the contracts alleged in the Complaint are between any other parties, including Adventist.

Tellingly, PSI does not seek to add Adventist as a required party pursuant to Rule 19, which expressly provides that a required party who refuses to join as a plaintiff may, in a proper case, be made an involuntary plaintiff. *See* Fed. R. Civ. P. 19(a)(2).[2] Notwithstanding, PSI has failed to demonstrate any of the elements required for joining Adventist pursuant to Rule 19.

Accordingly, Professional Service Industries' Fed. R. Civ. Pro. 21 Motion to Join as a Party Plaintiff the Adventist Health System Adventist Healthcare Corporation (Dkt. 52) is **DENIED**.

**DONE AND ORDERED** this 23rd day of January, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[2] Under Rule 19,
[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
    (i) as a practical matter impair or impede the person's ability to protect the interest; or
    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."
Fed.R.Civ.P. 19(a)(1). "A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff." Fed.R.Civ.P. 19(a)(2).